NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2454
_____

UNITED STATES OF AMERICA

v.

MICHAEL BAREFOOT,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal Action No. 07-cr-00405
(Honorable Alan N. Bloch)

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 18, 2010

Before: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Opinion Filed:  August 5, 2010)

_____

OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant Michael Barefoot conditionally pled guilty to possession and receipt of child pornography after losing a motion to suppress certain evidence.  Barefoot appeals from the District Court's denial of the suppression motion.  We will affirm.

# I.

We write for the parties and discuss the underlying facts only to the extent necessary to resolve the issues raised on appeal. Barefoot was renting an apartment from Gregory Beley when he fell behind on his rent and moved in with his mother. Andre Lukotich was hired by Beley to renovate the apartment in preparation for another tenant. While Lukotich was in the apartment, he accessed Barefoot's computer to illegally download music and, in doing so, saw child pornography. Lukotich told Pitcairn police what he had seen, and Pitcairn police passed the tip along to Allegheny County detectives who then met with Beley. Beley told detectives that he had a judgment for eviction against Barefoot and showed them a copy of the complaint that he had filed against him. He, however, never had secured an order of eviction against Barefoot as required by Pennsylvania law. Beley led detectives inside the apartment where they seized and removed Barefoot's computer.

Detectives conducted a warantless forensic preview of the computer, locating images of child pornography and information linking Barefoot to the computer. Detectives, thereafter, applied for a warrant to search Barefoot's computer. The affidavit of probable cause stated that the detectives had received a tip that there was child pornography on a computer, interviewed Barefoot's landlord and the tipster, conducted a search of Barefoot's apartment, and took the computer with consent from the landlord. The affidavit did not mention the forensic preview.

A search warrant was issued, and police conducted a full forensic analysis of the computer, recovering still and moving images of child pornography. Barefoot was arrested and confessed to accessing child pornography. Before trial, Barefoot moved to suppress the computer evidence, incriminating statements he made, and child pornography images recovered from his mother's computer. The District Court held that the detectives had illegally conducted the warrantless forensic preview because Barefoot had not abandoned his property and it was unreasonable for detectives to believe that he had. The Court ruled that the evidence was admissible, however, because it would have been obtained regardless of law enforcement's Fourth Amendment violation.

## II.

Barefoot contends that detectives used the warrantless search of his computer to corroborate Lukotich's tip, and without corroboration, detectives would not have followed up on the tip. Therefore, he argues that the District Court erred when it ruled that the evidence was admissible pursuant to the independent source doctrine. We disagree.[1]

The exclusionary rule requires the suppression of evidence obtained as a result of a Fourth Amendment violation. *United States v. Pelullo*, 173 F.3d 131, 136 (3d Cir. 1999).

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. §1291. We review the District Court's factual findings for clear error and exercise plenary review over its legal conclusions. *United States v. Price*, 558 F.3d 270, 276 (3d Cir. 2009).

3

As an exception to the exclusionary rule, the independent source doctrine "permits the introduction of evidence initially discovered during, or as a consequence of, an unlawful search, but later obtained independently from activities untainted by the initial illegality." *United States v. Price*, 558 F.3d 270, 281 (3d Cir. 2009) (internal citations & quotations omitted). To determine whether there was a genuinely independent source for the evidence requires a subjective inquiry into the totality of the circumstances. *Murray v. United States*, 487 U.S. 533, 540 n.2 (1988). A warrant obtained after an illegal search is not an independent source (1) "if the agents' decision to seek the warrant was prompted by what they had seen during the initial entry" or (2) "if information obtained during the entry was presented to the Magistrate and affected his [or her] decision to issue the warrant." *Id.* at 542.

Barefoot argues that the officers would not have sought the warrant based on Lukotich's tip because he was not a credible tipster since he was unknown to the police, lived in a half-way house, had a DUI conviction, and had violated Barefoot's privacy by accessing his computer to illegally downloaded music. Therefore, Barefoot contends that the real impetus for the warrant was the preview of the computer.[2] We are not convinced that Lukotich's tip so lacked credibility that, absent the warantless search, detectives would not have followed up on it.

---

[2] The second step of the independent source inquiry is satisfied in this case because detectives made no mention of the warrantless search in their search warrant application.

4

When detectives interviewed Beley and searched Barefoot's apartment prior to the warrantless search, they were following up on Lukotich's tip, which they would not have done had they believed Lukotich's tip lacked credibility. Additionally, by telling police that he had violated Barefoot's privacy to download music, Lukotich incriminated himself, which bolsters his credibility. Detectives had enough information from Lukotich's tip and their interview with Beley linking Barefoot to the apartment to have been prompted to apply for a warrant. The court may presume law enforcement officers will act reasonably, absent evidence to the contrary. *See United States v. Sicilano*, 578 F.3d 61, 69 (1st Cir. 2009). Therefore, the District Court did not err in holding that there was an independent source for the evidence.

Barefoot also argues that because detectives searched his apartment before interviewing Lukotich, and then waited a week between conducting their search and applying for a warrant, they would not have applied for a warrant absent the forensic preview. Here, again, Barefoot presents no evidence that this sequence of events indicates that Lukotich's tip so lacked credibility that the detectives would not have investigated the matter but for the forensic preview. Detectives interviewed Barefoot's landlord, searched the apartment, and later interviewed Lukotich, all to follow up on Lukotich's tip. The sequence of events, alone, does not establish a causal connection between the events, and there is no evidence that Lukotich was interviewed after Barefoot's apartment was searched because detectives did not believe Lukotich's tip. *See*

5

*Price*, 558 F.3d at 281-82 (holding that evidence obtained by police who did not apply for a warrant before conducting their search could be admitted under the independent source doctrine because the correct inquiry is not what should have been done but rather what would have been done). Similarly, the time delay between the forensic preview and the warrant application has no relevance to whether detectives would have applied for a warrant independent of the warrantless forensic preview.

Thus, Barefoot fails to demonstrate that the District Court committed error when it held that the evidence recovered from his computers and his incriminating statements were admissible pursuant to the independent source doctrine.[3]

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Because we conclude that the District Court properly applied the independent source doctrine, we find it unnecessary to reach a conclusion on whether the District Court properly ruled that Beley did not have apparent authority to consent to the seizure of the computer and that detectives were unreasonable in believing he had apparent authority.